## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS – TYLER DIVISION

| | | |
|---|---|---|
| PAULA WEBB, <br> PLAINTIFF | § <br> § <br> § | CIVIL ACTION N0. 24-339 |
| V. | § <br> § | COMPLAINT |
| VELOCITY INVESTMENTS LLC, <br> And <br> JAVITCH BLOCK LLC <br> DEFENDANTS | § <br> § <br> § | AND <br><br> DEMENAD FOR JURY TRIAL |

### PRELIMINARY STATEMENT

1.     Plaintiff, PAULA WEBB ("Webb" or "Plaintiff") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Texas Debt Collection Act, Texas Finance Code §392, to obtain statutory damages, actual damages, relief, and other relief for the Defendant's violations of the FDCPA and TDCA.

2.     Defendant, Velocity Investments LLC ("Velocity") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported credit card obligation assigned to Velocity from the original creditor, Cross River Bank. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from a loan. The principal purpose of Velocity's business is the collection of consumer debts using the mail and telephone, and they regularly attempt to collect consumer debts for others. They file debt collection lawsuits in masse. Velocity is a "debt collector" as defined by 15 U.S.C. §1692(a)(6), Texas Finance Code 392.001(6) and a third party debt collector as defined by Texas Finance Code 392.001(7). They may be served with process by and through their registered agent for service of process: Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218.

3.     Defendant, Javitch Block LLC ("Javitch") attempted to collect a consumer debt allegedly owed by Plaintiff to them from arising from a purported loan obligation assigned to Velocity. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from a loan. Javitch is a law firm whose primary purpose is the collection of debts. They file debt collection lawsuits in masse on behalf of creditors. Javitch regularly collects debts using the mail and telephone, and they regularly attempt to collect these consumer debts for others. They file debt collection lawsuits in masse. Javitch is a "debt collector" as defined by 15 U.S.C. §1692(a)(6) Texas Finance Code 392.001(6) They may be served with process by and through their registered agent for service of process: Registered Agent Solutions, Inc. Corporate Center One, 5301 Southwest Parkway, Suite 400, Austin, TX 78735.

## JURISDICTION AND VENUE

4.     Venue is proper in the Eastern District as the underlying suit where the violation occurred was brought in Henderson County and the Defendants frequently conduct business here.

5.     Plaintiff is a citizen of Henderson County, and the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692(a)(3) and the Texas Finance Code 392.001(1).

## STANDING

6.     Plaintiff has suffered an injury in fact that is traceable to the Defendant's conduct and is likely to be redressed by a favorable decision in this matter.

7.     Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, a receiver was appointed, and her checking account has been frozen. She has incurred more legal fees for attempting to unfreeze her account.

8.     Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## FACTUAL ALLEGATIONS

9.     On or about February 2, 2024 Velocity, by and through their attorneys of record Javitch filed a lawsuit styled Velocity Investments LLC v Paula Webb, Cause No. D5-24-0024 in the Justice Court, Precinct 5 of Henderson County, Texas. Plaintiff retained the services of the undersigned counsel, Ciment Law Firm, PLLC (Law Firm), for assistance in the management and defense of their debt.

10.     The parties, by and through their respective parties, agreed to resolve the case without Ms. Webb owing money. See Exhibit A, and exchange of emails between the Ciment Law Firm and Javitch Block.

11.     Rather than honoring their agreement and dismissing the case, Defendants took the case to trail, and obtained a judgment against Webb, had a receiver appointed by the Court, and froze, by way of garnishment, Webb's checking account.

12. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

13. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff. Velocity knew or should have known that the Webb was represented by counsel.

14. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendant's regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

15. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

## RESPONDEAT SUPERIOR LIABILITY

16. The acts and omissions of Defendants, and the other debt collectors employed as agents by Defendants who made misrepresentations to both the Court and the Plaintiff as further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendants.

17. The acts by Defendants and their agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

18. By committing these acts against Plaintiff, these agents of Defendants were motivated to benefit their principal, the Defendants.

19. Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the 15 U.S.C. §1692 and Texas Finance Code § 392 in their attempts to collect this debt from Plaintiff.

## CLAIMS FOR RELIEF

20. The Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the Texas Finance Code § 392 include, but are not limited to the following:

   A. By attempting to collect on an infirm judgment Defendants have violated, among others, 15 U.S.C. §1692(e)(2)(A) by using fraudulent, deceptive, or misleading representations by representing to The Court that there was not an agreement in place, but

       proceeding with a trial, obtaining a judgment, getting the Court to appoint a receiver, and freezing Webb's checking account. Javitch and Velocity knew full well that they had agreed to dismiss the case.

    B.    In the alternative, Defendants violated 15 U.S.C. §1692(e)(2)(A) when it misrepresented to Ciment and Webb that it intended to settle the case when in fact it intended to pursue a judgment and continue collection activity.

21.    The Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the Texas Finance Code § 392 include, but are not limited to the following:

    A.    By attempting to collect on an infirm judgment Defendant's have violated, among others, Texas Finance Code §392.304(8) by using fraudulent, deceptive, or misleading representations by representing to both The Court that there was not an agreement in place, but proceeding with a trial, obtaining a judgment, getting the Court to appoint a receiver, and freezing Webb's checking account. Javitch and Velocity knew full well that they had agreed to dismiss the case.

    B.    In the alternative, Defendants violated Texas Finance Code §392.304(8) when it misrepresented to Ciment and Webb that it intended to settle the case when in fact it intended to pursue a judgment and continue collection activity.

## DEMAND FOR JURY TRIAL

C.    Plaintiff demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.    Declare that Defendant's actions violate 15 U.S.C. §1692(e)(2)(A) and the Texas Finance Code §392.304(8).

2.    Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. 1692(k), and Texas Finance Code §392.403,

3.    Enter judgment enjoining Defendant's from attempting to collect this alleged debt.

4.    Grant such further relief as deemed just.

                                                      Respectfully submitted,

By: <u>s/James A. Foley</u>
James A. Foley, SBN 24055491
Ciment Law Firm, PLLC
1751 River Run Suite 280
Fort Worth, Texas 76107
(833) 663-3289 x 3006
Fax (866) 512-5807
Courtfilings@CimentLawfirm.com
James@Cimentlawfirm.com

# EXHIBIT A

Re: Cause No. D5-24-0027; Velocity Investments, LLC vs. Paula Webb

Debbie Landwehr <debbie@cimentlawfirm.com>
Tue 2024-06-11 3:56 PM

To: Jessica Davis <JeDavis@jbllc.com>; JC Navarro <JC@cimentlawfirm.com>
Bcc: Clio Manage (Cause No. D5-24-0027; Velocity Investments, LLC vs. Paula Webb) <d91d0191-5698-4d6b-8468-d002ec7fe8f3@outlook.clio.com>

Good afternoon,

Yes, my client agrees.

Thank you!

**Debbie Landwehr**
Debt Resolution and Docket Manager | www.thedebtdefenders.com
IAPDA Certified #202306047718852 – EXP 6/4/2024



T: (833) 663-3289
F: (855) 855-9830
E: debbie@cimentlawfirm.com
A: 221 Bella Katy Dr., Katy, TX 77494



---

**From:** Jessica Davis <JeDavis@jbllc.com>
**Sent:** Tuesday, June 11, 2024 3:54 PM
**To:** JC Navarro <JC@cimentlawfirm.com>
**Cc:** Debbie Landwehr <debbie@cimentlawfirm.com>
**Subject:** FW: Cause No. D5-24-0027; Velocity Investments, LLC vs. Paula Webb

2070847  - will your client agree to a mutual release?

**From:** JC Navarro <JC@cimentlawfirm.com>
**Sent:** Friday, June 7, 2024 12:11 PM
**To:** Jessica Davis <JeDavis@jbllc.com>
**Cc:** Emily Giron <Emily@cimentlawfirm.com>; Debbie Landwehr <debbie@cimentlawfirm.com>
**Subject:** Cause No. D5-24-0027; Velocity Investments, LLC vs. Paula Webb

Jessica,

We have located an Arbitration provision in the card agreement for the above referenced matter. While the Agreement may include a loophole to negate arbitration for cases filed in Small Claims Court, we are